†THE TOLEDO COMMERCIAL COMPANY v. THE GLEN MANUFACTURING COMPANY.

1. PLEADINGS SHOULD BE COMPLETE WITHIN THEMSELVES.

   It is not good pleading to make reference to papers already filed in the case, or to adopt their allegations by making them a part of the pleading in hand.

2. THE STATUTE STRICTLY CONSTRUED.

   He who undertakes to apply as a defense to the payment of a debt the statute with reference to foreign corporations doing business with the state of Ohio, must bring his defense fully and plainly within the provisions thereof. Such pleadings should contain averments, to negative exceptions in the statute.

3. WHAT ANSWER MUST SHOW.

   In order for a party to take advantage of the statute regulating foreign corporations, among other things he must show in his pleadings that the corporation complained of has a place of business within the state; that it is doing business within the state; that it does not come within any of the exceptions provided for in the statute, and that it has not complied with the requirements thereof.

4. INTERSTATE COMMERCE.

   The courts will not undertake by any interpretation of the statute to prevent a corporation organized and doing business in another state from selling goods in this state and thereby interfere with inter-state commerce.

†Affirmed by the Supreme Court; opinion 55 O. S., 217.

King, J.

This case was heard in the court of common pleas upon a demurrer to the amended answer. The demurrer was sustained, and the defendant not desiring to plead further in the case, a judgment was rendered upon the petition in favor of the plaintiff for the amount claimed in the petition—something more than $1,300—and this proceeding is to reverse that judgment of the court of common pleas.

The action was brought in the court of common pleas by *The Glen Manufacturing Co.* v. *The Toledo Commercial Co.* The plaintiff set forth in its petition that it—

—" Is a body corporate, incorporated, organized, existing and doing business in and by its said name under and in pursuance of the laws of the state of Massachusetts and having its home office and principal place of business at and in the city of Boston in said state. The said defendant is a body corporate, incorporated, organized, existing and doing business in and by its said name under and in pursuance of the law of the state of Ohio, and having its home office and principal place of business at and in the city of Toledo in said state.

" *First*—On the 11th day of February, A. D. 1895, at the city of Boston aforesaid, the said plaintiff at the special instance and request of the said defendant, sold and delivered to the said defendant a large quantity of printing paper of the value of $401.18, in consideration whereof the said defendant then and there, and at and upon divers and sundry times and occasions since said sale and delivery, promised to pay to the said plaintiff the said sum of $401.18 within a reasonable time thereafter, which reasonable time hath long since elapsed, yet the said defendant, though often thereunto requested, had not paid the said sum nor any part thereof, and the whole thereof is now owing and due from the said defendant to the said plaintiff, together with interest thereon from and after the 11th day of February, A. D. 1895, at the rate of 6 per cent per annum."

There is a second cause of action setting up in precisely the same language the sale of another lot of paper on another date, and a third cause of action, setting forth the sale of another lot of paper. A judgment is asked for against the defendant for the sum of $1,377.96, and interest from the dates when the several sales were made.

To that petition the defendant first filed this answer :

" Now comes defendant, and for answer to plaintiff's petition filed herein says:    It admits that said plaintiff is a corporation organized under the laws of the state of Massachusetts, and that defendant is a corporation organized under the laws of Ohio. This defendant denies that the sales set out in the petition were made at the city of Boston in said state of Massachusetts. This defendant says that said sales and all transactions and negotiations connected therewith were carried on in this state. Defendant says that said plaintiff is a foreign stock corporation; that said plaintiff has not procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state; that said plaintiff has not filed in the office of the secretary of state a sworn copy of its charter or certificate of incorporation, and a statement under its corporate seal particularly setting forth the amount of capital stock, the business or objects of the corporation which it is engaged in carrying on within this state; nor has such corporation designated in the manner provided by law a person upon whom process against said corporation may be served within this state; nor has such

The Toledo Commercial Co. v. The Glen Mfg. Co.

corporation paid to the secretary of state the fees required by law to be paid such secretary. That said the secretary of state of Ohio has not issued to plaintiff a certificate as required by law authorizing it to do business in this state. That said plaintiff has done or is doing business in this state. Wherefore defendant prays that said petition of plaintiff be dismissed; that it may go hence without day, and recover its costs herein expended."

To that answer the plaintiff interposed a demurrer, which was heard by the court of common pleas, and sustained. And thereupon the defendant files what it denominates an amended answer, under the same title, and says:

" Now comes said defendant, and for its amended answer to the petition of plaintiff filed herein, says that it reaffirms, adopts, and makes a part of this amended answer all of the allegations of its original answer filed in this action.

"And this defendant further answering, says: It denies that on the 11th day of February, 1895, or at any other time, at the city of Boston in the state of Massachusetts, the said plaintiff, at the special instance and request of said defendant, sold and delivered to the said defendant a large quantity of printing paper as in the petition alleged. Defendant says that whatever paper was sold to it by said plaintiff, was sold to it and delivered to it by said plaintiff in the city of Toledo, in the state of Ohio.

"And it further alleges, as in in its original answer set forth, that any sales of said printing paper so made to it by said plaintiff were made in the state of Ohio, and any paper, the subject of any such sales as set out in the petition, were delivered to it by said plaintiff in the state of Ohio."

To this amended answer a demurrer was interposed and sustained.

It should be said of this amended answer that we do not regard it a proper way to plead in an amended pleading by referring to any other pleadings that have been filed in the case, adopting their allegations or making them a part of it; and it is doubtful whether the court has any business to look into the other pleadings to determine whether the one in question is sufficient. But we do not dispose of this answer with that statement. Looking into the previous answer, which had been held insufficient by the court upon demurrer, and doing as the amended pleading says—adopting its allegations—we find that it contains very little to be adopted. The answer of the defendant admits that the plaintiff is, under the laws of Massachusetts, a corporation organized and doing business there. It does not specifically admit any other allegation in the petition, nor does it deny any of the allegations of the petition, except specially it denies that the sales set forth in the petition were made in Boston. It avers that all the negotiations and transactions leading up to the making of such sales were made in Toledo, and it avers by a general averment that the plaintiff has been and is doing business in Ohio. To this is added an allegation of the amended answer that it denies that the plaintiff sold and delivered to it, the defendant, in Boston the printing paper named in the petition, but avers that whatever paper was sold to it, was sold and delivered to it in the city of Toledo. It is doubtful whether the amended answer has changed materially the allegations of the original answer; but taken together, it is denied that these sales were made or that this paper was delivered in the city of Boston, as alleged in the petition, and it is averred that the sales and the deliv-

eries were made in the city of Toledo, in the state of Ohio. It is not denied that the plaintiff is a stock corporation, organized under the laws of the state of Massachusetts, doing business in that state, having its office and its principal place of business located in the city of Boston in that state; nor that the paper in question was sold to it, nor that it promised and agreed to pay for it, nor that the sum of $1,377.96 is due to the plaintiff from the defendant for the paper which it purchased and received. Those allegations of the petition not being denied, are of course admitted. The defendant relies solely upon its allegation that this paper was sold and delivered in Toledo, and that the plaintiff has done and is doing business in Ohio, to defeat this action, under the terms of a statute which it claims is applicable to that question. The statute in question was first enacted April 25, 1893, 90 O. L., 261, and provides—

"That no foreign stock corporation, other than a banking or insurance corporation, shall do business in this state, without first having procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state for such or similar business, or if more than one kind of business, by two or more corporations so incorporated for such kinds of business exclusively. The secretary of state shall deliver such certificate to every such corporation so complying with the requirements of the laws of this state. No such corporation now doing business in this state shall do business herein after July 31, 1893, without having procured such certificate from the secretary of state; but any lawful contract previously made by such corporation may be performed and enforced within the state subsequent to such date. No such foreign stock corporations doing business in this state without such certificate, shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate. Before granting such certificate, the secretary of state shall require every such foreign corporation to file in his office a sworn copy of its charter or certificate of incorporation and a statement under its corporate seal, particularly setting forth the amount of capital stock, the business or objects of the corporation which it is engaged in carrying on, or which it proposes to engage in or carry on within this state, and a place within this state which is to be its principal place of business, and designating in the manner prescribed in the code of civil procedure in this state, a person upon whom process against such corporation may be served within this state. The person so designated must have an office or place of business at the place where such corporation is to have its principal place of business within this state. Such designation shall continue in force until revoked by an instrument in writing designating in like manner some other person upon whom process against such corporation may be served in this state. If the peron so designated dies or removes from the place where such corporatios has its principal place of business within this state, and such corporntion does not, within thirty days after such death or removal, designaate in like manner another person upon whom process against it may be served within this state, the secretary of state shall revoke the authority of such corporation to do business within this state, and process against such corporation in actions upon any liability incurred within this state before such revocations, may, after such death or removal, and

before another designation is made, be served upon the secretary of state. At the time of such service the plaintiff shall pay to the secretary of state two dollars, to be included in his taxable costs and disbursements, and the secretary of state shall forthwith mail a copy of such notice to such corporation if its address or the address of any officer thereof is known to him. For each certificate thus issued by the secretary of state he shall be entitled to receive and shall be paid fees according to the amuont of capital stock of each such corporation as follows : $100,000 or less, $15 * * * which fees and the several sums of two dollars above named are to be paid by him to treasurer of state to credit of general revenue fund."

That act was amended by an act of the general assembly passed May 19, 1894, found in 91 O. L., 355, but the amendment does not change the original act in any respect that I observe, except to provide that foreign corporations that have complied with the provisions of section 148c of the Revised Statutes, passed May 16, 1894, shall not be subject to process of attachment under section 5521, Revised Statutes, or any law of Ohio, upon the ground, that it is a foreign corporation or a nonresident of this state.

In 1894, and a few days prior to the passage of this amended section, which amended section was adopted for the purpose of adding the clause which I last read, the legislature passed another act found in the same volume, page 272, providing that.—

"Every foreign corporation, incorporated for purposes of profit, now or hereafter doing business, in this state and owning or using a part or all of its capital or plant in this state, shall, within thirty days after the passage of this act, then before it proceeds to do any business in this state, under the oath of the president, secretary, treasurer, superintendent or managing agent in this state of such corporation make and file with the secretary of state a statement, in such form as the secretary of state may prescribe, containing the following facts."

And it sets forth substantially the same things as in the first mentioned act to be filed with the secretary of state. But this act provides that—

"This section shall not apply to foreign insurance, banking, savings and loan or building and loan companies, or to express, telegraph, telephone, railroad, sleeping car, transportation or other corporations engaged in Ohio in interstate commerce business ; or to foreign corporations, entirely nonresident, soliciting business, or making sales, in this state by correspondence or by traveling salesmen."

This act does not provide that the corporation shall name the person upon whom process shall be served ; it does not provide that it shall give the name of its officers and agents in charge of its business in Ohio ; but provides that it shall pay a fee for the certificate which it obtains based upon the amount of the capital stock at the rate of one-tenth of one per cent, represented by the property or the business done in Ohio ; and it provides that corporations which comply with the provisions of that act shall not be subject to attachment.

Those two acts seem to have somewhat the same object and purpose, but whether this be so or not is doubtless immaterial, as the act amended in 1894, vol. 91 O. L., 355, is the only one relied upon by the plaintiff in error.

The object of the statute, as I read it, is to require foreign corporations doing business in this state to make out this certificate and file it

with the secretary of state, and pay a fee therefor. Evidently the legislature had some purpose of revenue in mind when it adopted both of these acts; and also intended that a foreign corporation doing business in this state should designate a person upon whom summons or process might be served in case suit were brought against it.

The question is raised here whether this answer brings this company within the provisions of this act; in other words, does it allege such a state of facts as to come within the provisions of the amended act of 1894, that no foreign corporation other than a banking or insurance corporation shall do business in this state without having procured from the secretary of state a certificate of the sort described in this act?

In the first place, I should say that as this act is restrictive of the right to do business in this state, and absolutely forfeits the right to maintain an action upon a debt due upon a contract made and owing by a citizen of the state of Ohio to this foreign corporation, that he who undertakes to apply it as a defense to an action upon such a debt must bring his defense fully and plainly within the provisions of it. This answer fails to do that in this respect: that it does not aver that the plaintiff is not one of the corporations excepted from the provisions of this statute, to-wit: either a banking or insurance company. The allegation in the petition does not state the business of the plaintiff in any respect, but states that it is a corporation doing business in the state of Massachusetts, organized under its laws, and having its office and principal place of business at Boston in that state. What its business is, the pleadings do not disclose. The petition states that on a certain day it sold and delivered to the defendant a certain quantity of printing paper, for which the defendant promised and agreed to pay the price named, which it has not paid. There is no allegation in the answer that this corporation was not a banking or insurance corporation. That alone, in our judgment, would render this answer defective and subject to a demurrer. But this answer contains an allegation that this plaintiff is doing business in the state of Ohio. There is no allegation of any business that it has ever transacted here. It will be noticed by the terms of this act that the thing that it is required to do in order to bring it within the provisions of this act is, that it must state to the secretary of state in its application for this certificate that it has a principal place of business in this state, and it must state that it has an agent in charge who is located at that same place, having charge of its principal place of business, upon whom process may be served. The petition alleges that this company has a principal place of business, which is located in the city of Boston, in the state of Massachusetts; and that is not denied. For aught that appears by these pleadings, then, it has no other place of business than that located in Boston. If it has no other place of business, it does not come within the provisions of this act; for in order to come within the provisions of the act, it must have a place of business in Ohio. It must designate it to the secretary of state, in order to be entitled to this certificate, and it would be necessary to aver in the answer that it has a place of business in the state of Ohio, where it is doing business. The only allegation in the answer which may be claimed to amount to that is, that the sales in question were made in Toledo. But they might well have been made in Toledo, and the plaintiff have been doing business only in the state of Massachusetts, having its only place of business in Boston. The answer says, in a general way, that plaintiff has done and is doing business in Ohio; but that allegation is too general to amount

to anything. It does not describe what is its business, what kind of business it is or has been doing. This must be described by the corporation in order to be entitled to receive a certificate from the secretary of state. We are left wholly to the allegations of the petition in that respect, and they are, that it is carrying on some kind of business in Boston.

I think that the authority cited by counsel for defendant in error in the argument of this case—113 U. S., 727—is entirely in point. It seems to cover an act which in some respects is like this one. The court there discuss the meaning of the phrase "to carry on business," the phrase used in a statute in the state of Colorado that the court were considering. "Doing business" is, I take it, substantially the same thing as "carrying on business." They went on to show by their analysis of that phrase that it meant that it was prosecuting, carrying forward, and continuing business of some sort or character in the state.

An allegation that this company is doing business does not show that it is necessarily within the provisions of this statute. But as stated in the opinion of the supreme court of the United States, if this statute should undertake by any interpretation that should be put upon it, to prevent a corporation organized and doing business in another state from selling its products in. Ohio, it would interfere with interstate commerce. Such holding here would prevent defendant in error, organized and doing business in Massachusetts, and having its principal place of business in Boston, from selling and delivering in Toledo to a resident of Toledo, its wares and merchandize, which would be clearly in contravention of the federal constitution upon that point.

This law can only apply to such corporations as come within the jurisdiction of the state for the purpose of transacting their business. In that view, it would be entirely constitutional, as the courts have frequently held for the state to regulate the manner in, and the conditions under which a foreign corporation may come within its territory to transact and carry on its business; but courts have not held and will not hold that a state may prohibit a foreign corporation doing business in any other state from selling its products or its wares in this state in any manner that it sees fit.

So we think this answer does not state a defense, and, therefore, the judgment of the court of common pleas will be affirmed.

*G. P. Kirby*, Attorney for Plaintiff in Error.

*E. D. Potter, Jr.*, Attorney for Defendant in Error.